COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Barrow,* Benton, Koontz,
      Willis, Elder, Bray and Fitzpatrick
Argued at Richmond, Virginia

STACY MYERS

                                      MEMORANDUM OPINION** BY
v.   Record No. 1780-92-1             JUDGE RICHARD S. BRAY
                                         MAY 16, 1995
COMMONWEALTH OF VIRGINIA

                    UPON REHEARING EN BANC

          FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                    Walter J. Ford, Judge

          J. Ashton Wray, Jr., for appellant.

          Robert H. Anderson, III, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     On July 26, 1994, a panel of this Court, in an unpublished

memorandum opinion, reversed and remanded defendant's conviction

for second-degree murder.  We subsequently granted the

Commonwealth's petition for rehearing en banc and stayed the

mandate of the opinion.  Upon rehearing en banc, we affirm the

judgment of the trial court and vacate the mandate of the panel

opinion.

     The parties are fully conversant with the record, and a

recitation of the facts is unnecessary to this memorandum

opinion.

     The order of conviction recites that defendant was convicted

---

     *Judge Bernard G. Barrow participated in the hearing and
decision of this case and prepared the concurring opinion prior
to his death.

     **Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

of "murder – 2nd degree, as charged in the indictment. . . ." The referenced indictment alleged that defendant "did unlawfully and feloniously kill and murder . . ., in violation of Section 18.2–32. . . ." However, in defendant's petition for appeal, she framed the sole "[q]uestion [p]resented as '[w]hether the evidence was sufficient as a matter of law to support a finding of felony murder; to wit: murder in the second degree,'" a violation of Code § 18.2–33. See Rule 5A:12(c). Cf. Rule 5:17(c).

> A recital of proceedings in a judicial order is an "absolute verity . . . ." Where a defendant does not object to the accuracy of an order within 21 days after its entry, an appellate court may "presume that the order, as the final pronouncement on the subject, . . . accurately reflects what transpired."

Kern v. Commonwealth, 2 Va. App. 84, 88, 341 S.E.2d 397, 400 (1986) (citations omitted). The final order of the trial court in this instance convicted defendant for a violation of Code § 18.2–32, the offense at indictment. With certain statutory exceptions not applicable here, felony murder is a violation of Code § 18.2–33 and, consistent with her petition for appeal, appellant's brief and argument addresses only that offense. Although a violation of Code § 18.2–33 constitutes murder in the second degree, it is a crime separate and distinct

2

from that proscribed by Code § 18.2-32. Therefore, no challenge to appellant's conviction for a violation of Code § 18.2-32 was appealed to this Court, and the issue may not be undertaken at this juncture. Rule 5A:12(c). <u>Cf.</u> <u>Hamilton Dev. Co. v. Broad Rock Club, Inc.</u>, 248 Va. 40, 44, 445 S.E.2d 140, 143 (1994).

Accordingly, for the reasons stated, we affirm the judgment of the trial court.

<u>Affirmed.</u>

Barrow, J., with whom Moon, C. J., and Elder, J., join, concurring.

While I do not agree that we are barred from considering the sufficiency of the evidence, in my opinion, the evidence sufficiently supported the defendant's conviction, and I agree that the conviction should be affirmed.

BENTON, J., dissenting.

The record clearly establishes that at the conclusion of the evidence the trial judge made an explicit finding that Myers was "guilty of the charge of . . . felony murder . . . second degree." Without any explanation or indication that a finding of malice was made, the final order recites "violation of Section 18.2-32 (Murder – 2nd degree)." Myers' petition and brief on appeal raised the issue "whether the evidence was sufficient . . . to support a finding of felony murder; to wit: murder in the second degree." In view of the trial record, the dismissal of this appeal on a procedural ground (that the appeal raises an issue not decided at trial) is reminiscent of the consequences of the dilemma encountered in the following fictional situation:

> There was only one catch and that was Catch-22, which specified that a concern for one's own safety in the face of dangers that were real and immediate was the process of a rational mind. Orr was crazy and could be grounded. All he had to do was ask; and as soon as he did, he would no longer be crazy and would have to fly more missions. . . . If he flew them he was crazy and didn't have to; but if he didn't want to he was sane and had to. . . . "That's some catch, that Catch-22," . . . [Yossarian] observed. "It's the best there is," Doc Daneeka agreed.

Joseph Heller, Catch-22 ch.5 (1955).

The record establishes that Myers was indicted and tried on the offenses of "murder . . . in violation of [Code §] 18.2-32" and felony child abuse in violation of Code § 18.2-371.1. In her

opening statement, the prosecutor informed the trial judge that "[t]his is murder in the first degree." In response to the motion to strike the evidence at the close of the Commonwealth's case, the prosecutor argued that the evidence proved felony child neglect, first degree murder, and, alternatively, "felony murder by statute by definition on the facts of the case." After the trial judge denied defense counsel's motion to strike the evidence, defense counsel offered no evidence and renewed the motion to strike the evidence. The prosecutor then argued that "whether you look at it as a case of premeditated first degree murder or whether you look at it as a felony murder as a result of a felony neglect charge, . . . either theory is supported by the evidence."

The trial judge found that the evidence proved child neglect and ruled as follows:

> I think she's guilty of the charge of the
> felony murder. Not -- not first degree. I
> don't think there's -- Commonwealth
> established first degree murder in the case,
> but I do think its second degree. And I find
> her guilty.

Although the trial judge found that the evidence proved the felony of child neglect, the trial judge further found, however, that the legislature had not expressed an intent to impose multiple punishments for felony murder and the underlying felony. Thus, he ruled that <u>Blockburger v. United States</u>, 284 U.S. 299 (1932), required dismissal of the felony child neglect charge.

The record unambiguously establishes that the prosecutor's

6

theory of prosecution was first degree murder or, alternatively, felony murder. The trial judge made findings consistent with the prosecutor's alternative theory. Despite the prosecutor's theory of prosecution (i.e., felony murder as a result of death caused by felonious neglect) and the trial judge's pronouncements of the basis for the conviction (i.e., second degree felony murder), the final order entered by the clerk of the circuit court states that Myers was "convicted of a felony, to wit: violation of Section 18.2-32 (Murder – 2nd degree)."

In Myers' petition for appeal the question presented is "[w]hether the evidence was sufficient as a matter of law to support a finding of felony murder; to-wit: murder in the second degree." The petition argues that the evidence did not prove either that the child died as a result of Myers' criminal act or malice; thus, it asserts that the evidence was insufficient to support a murder conviction. The Commonwealth responded to the petition by arguing that the evidence was sufficient to prove that Myers was "guilty of felony child neglect . . . and [the] conviction for felony murder should stand." Myers' petition was granted by a judge of this Court. Myers' brief on appeal stated the same question and the same arguments in support of the questions that were contained in the petition. The Commonwealth in its response again argued that the evidence was sufficient to prove "that Myers was guilty of the felony murder of her daughter."

7

In its request for a rehearing en banc, the Commonwealth raised for the first time the issue that the majority opinion now decides as a basis for dismissing the appeal. Nothing in either Rule 5A:12(c) or Hamilton Development Co. v. Broad Rock Club, Inc., 248 Va. 40, 445 S.E.2d 140 (1994), bars our consideration of the question presented by this appeal. The record is clear that the trial judge announced from the bench a finding of guilt of second degree felony murder, which could only be a finding of a violation of Code § 18.2-33. Although the final order recited, contrary to the judge's finding, a conviction under Code § 18.2-32, both the trial judge's oral statement of the basis for the conviction and the written order's recitation of the basis for the conviction are specified by statute to be second degree murder.

The issue that Myers raises challenges the sufficiency of the evidence to support "murder in the second degree." Whether Myers' conviction was based on a violation of Code § 18.2-32, as the final order recites, or Code § 18.2-33, as the trial judge's findings recite, the conviction was for second degree murder and in either instance "is punishable as a Class 3 felony." Although the prosecutor tried this case, in part, on a theory not supported by the indictment and the trial judge made findings consistent solely with that theory, the conviction was for murder and the issue, simply put, is whether the evidence was sufficient to prove murder. Myers challenges the absence of proof beyond a

reasonable doubt of willful conduct or malice.  Thus, the issues squarely before this Court are whether Myers' criminal conduct killed the child and whether malice was proved.  No purpose is served by forcing this litigant to seek judicial redress through the process of habeas corpus.

The evidence in this case failed to prove that the baby died as a result of a malicious act or of a willful act of commission or omission by Myers.  The assistant medical examiner, Dr. Bush, testified that she could not tell how long the baby lived after delivery.  Although she concluded the baby was born alive, she made that conclusion only because the autopsy revealed oxygen in the baby's lungs and stomach.  She admitted that oxygen could have entered the baby's lungs and stomach while it was still attached to the umbilical cord and that the baby may have been "gulping" for air while still attached to the mother by the umbilical cord.

Dr. Bush admitted that she could not state the "real physiological cause" of the baby's death and, further, she did not know whether the baby was physiologically alive when she was placed in the plastic bag.  She could not state that the baby died of hypothermia or asphyxiation.  She could only conclude that the baby died as a result of abandonment, which she described as follows:

> We use the term abandonment to indicate that had the baby received proper and usual care that would normally accompany a birth such as, you know, feeding, cleaning, being wrapped up, kept warm, etc., . . . the baby

would be alive today.

Dr. Bush explained on cross-examination that her testimony on direct examination (that the cause of death was related to the baby being placed in the plastic bag) was based upon an assumption that the baby was alive when placed in the bag and that her assumption was not based on any physiological finding she had made. She was unable to say the baby was alive when placed in the bag. She added further that she was unable to tell whether the umbilical cord had been cut when "the child took air."

In any prosecution for killing a newborn baby, the Commonwealth is required to prove beyond a reasonable doubt (1) that the child was born alive, (2) that the child had reached an independent and separate existence apart from its mother, and (3) that the accused was the criminal agent causing the infant's death. Lane v. Commonwealth, 219 Va. 509, 514, 248 S.E.2d 781, 783 (1978); Vaughan v. Commonwealth, 7 Va. App. 665, 671, 376 S.E.2d 801, 804 (1989).

To prove that Myers was guilty of second degree murder, it was incumbent upon the Commonwealth to prove that the child was born alive. No evidence proved that prior to its death the baby had established an independent and separate existence from its mother. No evidence proved that the baby did not die during the birthing process. Moreover, neither Dr. Bush nor any other witness testified as to the actual cause of the child's death.

Because the evidence failed to prove beyond a reasonable doubt that the child had achieved an independent and separate existence from its mother and did not prove the cause of its death, I would hold consistent with the prior opinion by the panel in this case, see Myers v. Commonwealth, Record No. 1780-92-1 (Unpublished – July 26, 1994), that the corpus delicti was not proved and the evidence was insufficient to prove beyond a reasonable doubt that appellant was guilty of second degree murder.  For these reasons, I dissent.

11